UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARL DAVID BROWN,

    Plaintiff,

v.    Case No.:  3:22-cv-58-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

# OPINION AND ORDER

Plaintiff Carl David Brown seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I.  Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

#### A.  Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.     Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

C. **Procedural History**

Plaintiff filed an application for a period of disability and disability insurance benefits on November 27, 2019, alleging disability beginning February 27, 2019. (Tr. 72, 183-87). The application was denied initially and on reconsideration. (Tr.

72, 90). Plaintiff requested a hearing and on January 22, 2021, a hearing was held before Administrative Law Judge William Greer ("ALJ"). (Tr. 33-51). On March 1, 2021, the ALJ entered a decision finding Plaintiff not under a disability from February 27, 2019, through the date last insured. (Tr. 10-27).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on November 15, 2021. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on January 17, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 11).

### D.    Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2024. (Tr. 12). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 27, 2019, the alleged onset date. (Tr. 12). At step two, the ALJ found that Plaintiff had the following severe impairments: "hypertension, anhidrosis, dysfunction of major joints, carpal tunnel syndrome status-post surgical intervention, and degenerative disc disease status-post anterior cervical discectomy and fusion." (Tr. 12). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the

severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 15).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a), except he is limited to frequent handling and fingering. The claimant requires a climate-controlled work environment.

(Tr. 15).

At step four, the ALJ found Plaintiff was unable to perform any past relevant work as a salesperson, and automobile salesperson. (Tr. 25). At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age (49 years old on the alleged disability onset date), education (limited), work experience, work skills, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 25-26). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1) appointment clerk, DOT 237.547-010,[1] sedentary, semi-skilled, SVP 3

(2) office clerk, DOT 205.362-101, sedentary, skilled, SVP 4

(3) collection clerk, DOT 241.357-010, sedentary, skilled, SVP 5

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

(Tr. 26). The ALJ concluded that Plaintiff had not been under a disability from February 27, 2019, through the date of the decision. (Tr. 26).

## II. Analysis

On appeal, Plaintiff raises one issue, whether the ALJ's evaluation of Plaintiff's subjective complaints was unsupported by substantial evidence. (Doc. 14, p. 9). Plaintiff argues the ALJ erred in misrepresenting Plaintiff's testimony about his activities of daily living to discount his subjective statements. (Doc. 14, p. 10).

A claimant may establish that he is disabled through his own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other

symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all of the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.,* 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

In the decision, the ALJ summarized Plaintiff's subjective complaints about his activities of daily living. He found that Plaintiff reported being able to prepare simple meals, help care for his son, do some light household chores, drive, go out alone, shop in stores, count change, pay bills, and manage his personal finances. (Tr. 16). Plaintiff could also get along with family, friends, and neighbors, could follow

instructions, handle stress, handle changes in routine, and interact with others. (Tr. 16). The ALJ also noted that Plaintiff alleged physical problems in attending to some of his personal hygiene needs, and he needed reminders for medications. (Tr. 16). The ALJ also acknowledged that Plaintiff spent most of the day watching television. (Tr. 16). The ALJ further qualified his earlier statements on daily activities to note that Plaintiff reported that he could bathe and attend to his own personal care needs but had trouble putting on socks and shoes, could only drive short distances, and had trouble reaching and grasping because of arthritis, bursitis, and pain related to carpal tunnel syndrome. (Tr. 16-17). After review of Plaintiff's activities of daily living, the ALJ determined:

> [T]he medical evidence of record does not support the alleged severity of the claimant's impairments. Based on a thorough evaluation of all the medical evidence and hearing testimony offered by the claimant, the undersigned finds the medical records indicate the claimant suffers from severe medical disorders that fail to result in disabling limitations.

(Tr. 17). The ALJ then thoroughly summarized the medical evidence. (Tr. 17-24).

After the summary of medical evidence, the ALJ made these general findings on Plaintiff's subjective complaints:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 24). The ALJ acknowledged that Plaintiff alleged significant restrictions in his ability to perform activities of daily living, but found that these allegations conflicted with the objective medical evidence. (Tr. 24). The ALJ then explained the inconsistencies between the objective medical evidence and Plaintiff's alleged severe limitations, such as results from physical examinations and diagnostic tests showing no more than moderate abnormalities, and physical examinations showing intact sensation, full muscle strength, and normal gait without use of an assistive device. (Tr. 24). The ALJ then found:

> In addition to the objective medical evidence and treatment, the claimant has several activities that are inconsistent with the total inability to work. He is able to [ ] live at home independently with his family. He has the ability to prepare simple meals, help care for his son, and do some light household chores. He can drive, go out alone, shop in stores, manage his personal finances, and attend to his personal hygiene needs. The reported activities of daily living after the alleged onset date demonstrates greater functional abilities than the currently alleged limitations.
>
> In summation, the medical records do not support a worsening of the claimant's conditions or any long[-]standing restrictions in his ability to function, other than those noted in the residual functional capacity. Upon evaluation of all the evidence of record and assessment of the claimant's allegations, the undersigned finds the residual functional capacity described above is well supported.

(Tr. 24-25).

Plaintiff argues that the ALJ's description of Plaintiff's daily activities left out key details from Plaintiff's testimony and function report that showed his activities

were not inconsistent with his disability claim. (Doc. 14, p. 11). Plaintiff points to driving for only five minutes to take his son to school, having his wife and son to take care of all major household responsibilities, struggling to put on his socks and bending to use the toilet, preparing only simple meals, such as sandwiches four to five times per week, and shopping for only fifteen minutes before this activity caused pain. (Doc. 14, p. 11).

Contrary to Plaintiff's argument, the ALJ referred to Plaintiff's alleged limitations or restrictions in daily activities. (Tr. 16-17). For instance, the ALJ noted that Plaintiff reported he spent most of the day watching television, had trouble putting on socks and shoes, could drive only short distances, had trouble reaching and grasping, and claimed he could sit for fifteen minutes at one time, stand for ten to twenty minutes at one time, walk for ten minutes before needing to stop, and lift/carry about five pounds. (Tr. 16-17). The ALJ explained that Plaintiff's alleged significant limitations on his ability to perform activities of daily living conflicted with the objective medical evidence, and his daily activities conflicted with a total inability to work. (Tr. 24). The ALJ also found the RFC accounted for certain restrictions by limiting Plaintiff to sedentary work, with an additional limitation to frequent handling and fingering. (Tr. 15).

Here, the ALJ clearly articulated explicit and adequate reasons for finding Plaintiff's subjective statements concerning the intensity, persistence, and limiting

effects of his symptoms conflicted with the medical evidence and other evidence of record. The ALJ's reasoning included not only finding that Plaintiff's daily activities conflicted with his subjective statements, but also finding objective medical evidence conflicted with Plaintiff's subjective statements. (Tr. 24). Substantial evidence supports that ALJ's determination as to Plaintiff's subjective statements.

### III. Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 22, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties